1　Robert F. Brennan, Esq. [S.B. #132449]
　　**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2　3150 Montrose Ave.
　　La Crescenta, Ca. 91214
3　Tel.818.249.5291
　　FAX 818.249.4329
4　Email: rbrennan@brennanlaw.com

5　Attorney for: Plaintiff Anthony Hinojos-Lopez

6

7

8

9　　　　　　　　**UNITED STATES DISTRICT COURT**

10　　　　　　　**CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| ANTHONY HINOJOS-LOPEZ, an Individual; | Case No.: CV-14-4354-JAK-MRW |
| Plaintiff, | ***CORRECTED* FIRST AMENDED COMPLAINT FOR DAMAGES:** |
| vs. | |
| CAPITAL ONE SERVICES, LLC, is a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC, is a business entity, form unknown; TRANSUNION, LLC is a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS INC., a Corporation, and DOES 1-10, Inclusive, | 1.  FAIR CREDIT REPORTING ACT. 2.  CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT. |
| Defendants. | **JURY TRIAL DEMANDED.** |

　　　Plaintiff alleges:

　　　1. Plaintiff ANTHONY HINOJOS LOPEZ ("Plaintiff") is a resident of County of Los Angeles, State of California.

　　　2. Defendants EQUIFAX INFORMATION SERVICE, LLC ("EQUIFAX) TRANSUNION, LLC ("TRANSUNIUON") and EXPERIAN INFORMATION

---
FIRST AMENDED COMPLAINT FOR DAMAGES

1   SOLUTIONS INC. ("EXPERIAN") are  a business entities, form unknown, doing

2   business in the State of California as credit bureaus which receive negative credit

3   information about consumers and which then publish such information in credit

4   reports available to its subscribers. CAPITAL ONE SERVICES LLC ("CAPITAL

5   ONE") is a bank holding company specializing in credit cards which, among other

6   activities reports allegedly delinquent debts to credit bureaus and is a "furnisher"

7   under the Fair Credit Reporting Act.

8        3. Defendants DOES 1-10 are individuals and business entities, form

9   unknown, doing business in the State of California as credit reporting agencies,

10  debt collection agencies, creditors or other persons or entities which engage in

11  credit reporting and/or debt collection.  DOES 1-10, Inclusive, includes

12  individuals or business entities doing business in the State of California as credit

13  reporting agencies, debt collectors and/or creditors who have refused to delete

14  accounts of plaintiff that were procured through identity theft, mixed file or other

15  manner of recording an inaccurate credit account, even after plaintiff has notified

16  them of the false or inaccurate derogatory, and also who have reported such

17  accounts as derogatory credit references to credit reporting agencies.

18        4. Plaintiff does not know the true names and capacities, whether corporate,

19  partnership, associate, individual or otherwise of Defendants sued herein as Does

20  1 through 10, inclusive, under the provisions of Section 474 of the California

21  Code of Civil Procedure.  Plaintiff is informed and believes and on that basis

22  alleges that Defendants Does 1 through 10, inclusive, are in some manner

23  responsible for the acts, occurrences and transactions as officers, directors or

24  managing agents of Defendants or as its agents, servants, employees and/or joint

25  venturers and as set forth in this complaint, and that each of them are legally liable

26  to Plaintiff, as set forth below and herein:

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each

FIRST AMENDED COMPLAINT FOR DAMAGES

1  Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any

2  future amended complaint.  Further, Plaintiff alleges that each act alleged herein,

3  whether by a named Defendants or fictitiously named Defendants or otherwise,

4  was expressly authorized or ratified, as these terms are used in California Civil

5  Code Section 3294(b), by each and every other Defendant herein, whether named

6  or fictitiously named.

7

8                           **FIRST CAUSE OF ACTION**

9               **[VIOLATION OF THE FAIR CREDIT REPORTING ACT**

10                         **AGAINST ALL DEFENDANTS]**

11        6.  Plaintiff re-alleges and incorporates all preceding paragraphs as though

12  set forth in full in this cause of action.

13        7.  Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c)

14  of the Fair Credit Reporting Act.  All defendants are "furnishers" as defined by 15

15  U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, EQUIAX,

16  TRANSUNION and EXPERIAN who are "consumer reporting agencies" as that

17  term is defined in 15 U.S.C. Section 1681a (f).

18        8. On or about March 2013, Plaintiff had an excellent credit rating which

19  allowed him to purchase a home.  He was easily able to obtain financing with a

20  very low interest rate because of his credit score of approximately 800. Only eight

21  months later he discovered that his credit had dropped so dramatically that he was

22  denied a credit card that he had previously been offered on numerous occasions.

23  When Plaintiff purchased his home, he intentionally purchased a home that was

24  almost $80,000 less than he was approved for with the intention of obtaining a

25  home equity line of credit to make improvements on his home and to further his

26  education which would help him advance in his career; due to this devastating

27  situation, he is now unable to obtain said financing. For one year Plaintiff and his

28

_____
FIRST AMENDED COMPLAINT FOR DAMAGES

1   family have had to live in their home with no interior doors, no baseboards, a

2   dilapidated restroom, and an unfinished and dirty yard because he could not obtain

3   a home equity loan for the upgrades and repairs.

4         9. On or about March 21, 2013, Plaintiff purchased kitchen appliances from

5   Sears.com with his Sears HSBC MasterCard account ending in 8050. The amount

6   of the purchase was $4,221.87. The future delivery date was set for May because

7   the kitchen was being remodeled.

8         10. On or about April 2013, Plaintiff discovered that Orchard Bank took

9   over his Sears HSBC account ending in 8050 and HSBC was no longer affiliated

10   with Sears.

11         11. On or about April 19, 2013, the Store Manager of the San Dimas Sears

12   Home Appliance Show Room offered Plaintiff a better deal if the kitchen items

13   were purchased through him. Plaintiff cancelled the original transaction made on

14   March 21, 2013 for a full credit of $4,221.87 to his Sears MasterCard and placed

15   the order with the San Dimas Store Manager.

16         12. On or about July 11, 2013, Plaintiff discovered that his Sears

17   MasterCard account ending in 8050 had now been sold or taken over by

18   CAPITOL ONE.

19         13. On or about September 12, 2013, CAPITOL ONE credited Plaintiff's

20   account number ending in 8050 for $4,221.87, representing the cancelled

21   transaction, which was originally placed in March 2013.

22         14. On or about October 25, 2013, CAPITOL ONE reapplied the $4,221.87

23   charge to Plaintiff's account ending in 8050.

24         15. On or about October 29, 2013, Plaintiff placed a call to CAPITOL ONE

25   and had a 10 minute conversation with CAPITOL ONE pleading with them to

26   investigate and again credit his account in the amount of $4,221.87.

27         16. On or about November 13, 2013, Plaintiff placed three calls: the first

28

call was to CAPITOL ONE at 8:22 that lasted 15 minutes; the second was at 8:41 to HSBC that lasted 11 minutes; and the third call was at 8:52 to Sears.com that lasted 21 minutes. These three calls were placed in an effort to explain that he had cancelled and never received the merchandise for the order he placed on March 21, 2013. Plaintiff asked that they investigate and credit his account for the Sears.com charge of $4,221.87.

17. On or about December 4, 2013, Plaintiff placed a call to Sears.com at 8:59 advising them that he did not owe the charge of $4,221.87 because he had cancelled that transaction and never received that merchandise.

18. On or about December 30, 2013, Plaintiff placed a call to CAPITOL ONE to dispute the $4,221.87 charge on account ending in 8050.

19. On or about December 30, 2013, Plaintiff was denied a Costco American Express Card due to the derogatory placed on his credit profile by CAPITOL ONE.

20. On or about January 29, 2014 Plaintiff sent a dispute letter to EQUIFAX advising them that the CAPITOL ONE account ending in 8050 was placed on his credit report in error and asked them to investigate and remove the account from his credit profile.

21. On or about January 29, 2014 Plaintiff sent a dispute letter to CAPITOL ONE advising them that the Capitol One account was placed on his credit report in error and asked them to investigate and remove the account from his credit profile. Plaintiff provided a copy of the return receipt dated on April 19, 2013 in an effort to aid them in their investigation.

22. On or about February 11, 2014, EQUIFAX responded to Plaintiffs dispute letter verifying the CAPITOL ONE charge on account ending in 8050.

23. On or about May 1, 2014, Plaintiff sent dispute letters to EXPERIAN and to TRANSUNION advising them that the CAPITOL ONE account ending in

1  8050 was placed on his credit report in error and asked them to investigate and

2  remove the account from his credit profile.

3       24. On or about May 10, 2014, TRANSUNION responded to Plaintiffs

4  dispute letter verifying the CAPITOL ONE charge on account ending in 8050.

5       25. On or about May 12, 2014, EXPERIAN responded to Plaintiffs dispute

6  letter refusing to process the investigation he requested.

7       26. Defendants, EQUIFAX, TRANSUNION, EXPERIAN and CAPITOL

8  ONE have refused, despite Plaintiff's phone calls and letters to acknowledge that

9  he was not responsible for the Sears $4,221.87 charge because he had cancelled

10  that transaction on April 19, 2013 and never received the merchandise.

11       26A. CAPITAL ONE reported the $4,221.87 charge, with varying amounts

12  of penalties and interest, to EQUIFAX, TRANSUNION AND EXPERIAN.  On

13  plaintiff's February 11, 2014 EQUIFAX credit report, the CAPITAL ONE charge

14  for account 8050 appears as a charge for $4318, and was reported as 60-90 days

15  late. On a tri-merge reporte dated April 14, 2014 ("tri-merge" refers to a combined

16  credit report of all three major credit bureaus), the 8050 account is listed as a

17  charge for $4318, 60 days late.  On plaintiff's May 10, 2014 TRANSUNION

18  credit report, the 8050 account is listed as 120 days late and the amount of the

19  charge is $4324.  On plaintiff's March 16, 2014 EQUIFAX credit report, the

20  charge for account no. 8050 is listed as $4265.  Defendant CAPITAL ONE

21  reported this account and these charges to the three major credit bureaus.  Plaintiff

22  specifically informed the three major credit bureaus, EQUIFAX, EXPERIAN and

23  TRANSUNION, that he was disputing this charge.

24       27. Plaintiff sent correspondence to EQUIFAX, TRANSUNION,

25  EXPERIAN and CAPITOL ONE asking that they reinvestigate his account, cease

26  any negative credit reporting and remove his account form collection activity.  On

27  information and belief, one or more of the credit bureaus sent dispute notices to

28

FIRST AMENDED COMPLAINT FOR DAMAGES

1  CAPITOL ONE, thereby activating CAPITAL ONE'S obligations to plaintiff

2  under the Fair Credit Reporting Act.

3      27A. Plaintiff is specifically alleging a violation of 15 U.S.C. Section

4  1681s-2 (b) against CAPITAL ONE and DOES 1-10, Inclusive.

5      28.  Plaintiff complied with all requests of each of the Defendants to

6  provide information in order to have the erroneous marks removed from her credit

7  reports.  Despite the insistence of Plaintiff, the Defendants, and each of them,

8  failed to correct the errors and failed to undertake sufficient investigations upon

9  being notified of the errors.

10      29.  Within the two years, Defendants, and each of them, willfully violated

11  the provisions of the Fair Credit Reporting Act in *at least* the following respects:

12      a. (As to defendants EQUIFAX, TRANSUNION and EXPERIAN) By

13  willfully and negligently failing, in the preparation of the consumer report

14  concerning Plaintiff, to follow reasonable procedures to assure maximum possible

15  accuracy of the information in the report;

16      b. (As to defendants EQUIFAX, TRANSUNION and EXPERIAN) By

17  willfully and negligently failing to correct, after receiving ample notice,

18  information about the Plaintiff which defendants knew, or should have known,

19  was incomplete and/or inaccurate;

20      c. (As to all defendants) By willfully and negligently failing to correct

21  and/or delete the incomplete and inaccurate information in Plaintiff's file after

22  conducting an investigation;

23      d. (As to all defendants) By willfully and negligently failing to conduct an

24  adequate and reasonable investigation of Plaintiff's complaints, and by willfully

25  and negligently failing to implement corrective actions once the outcome of such

26  investigations were known, or should have been known, to the defendants.

27      30.  As a proximate result of the actions of the Defendants, and each of

28

FIRST AMENDED COMPLAINT FOR DAMAGES

1  them, Plaintiff has been damaged in an amount which will be proven at time of

2  trial.  As provided under the cited law, Plaintiff is entitled to actual damages, pain

3  and suffering, punitive damages, penalties, costs and attorney fees.

4      31. Plaintiff alleges that defendants, and each of them, have willfully

5  violated FCRA with respect to Plaintiff and towards others similarly situated.

6  Specifically, defendants deliberately have inefficient procedures for correcting

7  their credit files, because they know that a certain number of consumers will either

8  be intimidated or too frustrated to continuously fight back against the constant

9  onslaught of collection activities for invalid debts.  Defendants, and each of them,

10  know that a certain number of consumers would rather pay than fight, even if the

11  debt is not actually owed.  These defendants know that their systems intimidate

12  consumers so they'll pay debts even if not valid or not completely valid.  These

13  facts were not disclosed to the Plaintiff and are not disclosed to the borrowing

14  public at large.

15

16          **SECOND CAUSE OF ACTION**

17      **VIOLATION OF THE CALIFORNIA CONSUMER CREDIT**

18          **REPORTING AGENCIES ACT AGAINST**

19          **CAPITOL ONE AND DOES 1-10, INCLUSIVE.**

20      32. Plaintiff incorporates all preceding paragraphs as though alleged in full

21  in this cause of action.

22      33. Within two years prior to the filing of the complaint in this action,

23  defendants CAPITOL ONE and DOES 1-10, Inclusive, both willfully and

24  negligently violated the California Consumer Credit Reporting Agencies Act in at

25  least the following ways:

26      34. By willfully and negligently furnishing to credit reporting agencies

27  information about the Plaintiff which Defendants CAPITOL ONE and  DOES 1-

28

1    10, Inclusive knew, or should have known, was incomplete or inaccurate.

2         34A. With these allegations plaintiff specifically alleges that CAPITAL

3    ONE and DOES 1-10, Inclusive, violated Cal. Civ. Code Section 1785.25 (a).

4         35. Each of the Defendants CAPITOL ONE and DOES 1-10, Inclusive

5    willfully and negligently failed in their obligations to reinvestigate and correct the

6    derogatory marks in Plaintiff's credit reports. Plaintiff alleges that each of the

7    Defendants CAPITOL ONE and DOES 1-10, Inclusive have policies and practices

8    which hinder and obstruct adequate and meaningful reinvestigations, and that each

9    defendant knows of this effect of its policies and practices.

10        36. As a proximate result of the willful and negligent actions of the

11   Defendants CAPITOL ONE and DOES 1-10, Inclusive, and each of them, Plaintiff

12   has suffered both general and special damages in an amount which will be proven

13   at time of trial. As provided under the cited laws, Plaintiff is entitled to actual

14   damages, loss of wages, damage to credit reputation, pain and suffering, costs and

15   attorney fees. Plaintiff is also entitled to punitive damages and statutory penalties

16   for willful violations of the California Consumer Credit Reporting Agencies Act.

17

18        WHEREFORE, Plaintiff prays for judgment as follows:

19        1. For general and special damages according to proof at trial;

20        2. For statutory penalties for each separate statutory violation where

21           allowed by statute;

22        3. For punitive damages against defendants according to proof at trial and

23   using the applicable punitive damages standards from the involved statutes;

24        4. For attorney's fees where authorized by statute or law;

25        5. For costs of suit;

26        6. For such other relief as the court deems just and proper.

27

28

---

FIRST AMENDED COMPLAINT FOR DAMAGES

1    **PLAINTIFF DEMANDS A JURY TRIAL**

2

3    Dated: October __17__ 2014            **LAW OFFICES OF ROBERT E. BRENNAN, A P.C.**

4

5                                          By:_____

                                           Robert F. Brennan

6                                          Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

FIRST AMENDED COMPLAINT FOR DAMAGES

PROOF OF SERVICE

        I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3150 Montrose Avenue, La Crescenta, CA 91214.

        On **October 13, 2014**, I served the foregoing documents described as ***CORRECTED FIRST AMENDED COMPLAINT*** on parties in this action,

[ x ] By ECF: On this date, I electronically filed the document(s) with the Clerk of the Court using CM/ECF system, which sent electronic notification of such filing to the following:

Donald E. Bradley
MUSICK PEELER AND GARRETT LLP
650 Town Center Drive Ste 1200
Costa Mesa CA 92626-1925

Katherine A. Klimkowski
JONES DAY
3161 Michelson Drive Ste. 800
Irvine CA 92612-4408

Johari Nailah Townes
Doll Amir and Eley  LLP
1888 Century Park East   Suite 1850
Los Angeles, CA  90067

Thomas P. Quinn, Jr.
NOKES AND QUINN A P.C.
410 Broadway Ste. 200
Laguna Back CA 92651

        [ ] *I deposited such envelope in the mail at La Crescenta, California.  The envelope was mailed with postage thereon fully prepaid.

        [X ] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

        Executed on **October 13, 2014**, at La Crescenta, California.

_____
Isabel  Grubbs